IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA DEVINE, ET AL., | : | Case No. 4:04cv1665 |
| | : | |
| Plaintiffs | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | |
| ASSOCIATION OF PROPERTY OWNERS OF THE HIDEOUT, INC., ET AL., | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

August 19, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Currently pending before the Court are Motions for Summary Judgment (docs. 50, 51) filed by Defendants Association of Property Owners of the Hideout, Inc. ("Hideout") and Ralph Graf ("Graf") (collectively, "Defendants") respectively, on July 1, 2005.[1]

For the reasons that follow, the Motions will be granted.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

We initially note that we will where necessary, view the facts and all

[1] The Motions for Summary Judgment are identical in substance, to which Plaintiffs filed one brief in opposition. We therefore need only conduct one analysis to resolve the pending Motions in this narrative.

inferences to be drawn therefrom in the light most favorable to the nonmoving party, Plaintiffs, in our analysis of the pending Motions.

The factual background and procedural chronology of this case was thoroughly set forth in our February 10, 2005 Order and is well known to the parties. (See Rec. Doc. 43). The following brief recitation of that history is sufficient for purposes of the Court's review of the pending Motions.

On July 28, 2004, Plaintiffs Linda and John Devine (collectively "Plaintiffs") filed a complaint in the United States District Court for the Middle District of Pennsylvania. Plaintiffs owned real property and resided at "The Hideout," a subdivision located in the Townships of Lake and Salem, in Wayne County, Pennsylvania. (See Compl. ¶ 12). Plaintiffs purchased their lot with various covenants and restrictions, including equitable servitudes which bind the Plaintiffs' lot, as well as the remaining lots located at The Hideout subdivision. See id. ¶ 13. Plaintiffs believe that in October of 2002 the lot owners with adjoining property to Plaintiffs, Mr. and Mrs. Merrill (collectively "the Merrills"), placed a temporary structure upon the lot which violated the restrictive covenants, rules, and regulations of the Hideout. From October 2002 through August 3, 2003, Plaintiffs embarked on a very vocal campaign to enforce the Hideout's restrictive covenants. Id. ¶¶ 17-19.

On August 3, 2004, Plaintiffs received a letter from then District Justice Mitchell J. Laabs ("District Justice Laabs"), District Justice for Magistrate District 22-3-01,[2] dated August 2, 2003, which will be discussed more fully below.

On July 1, 2005, Defendants filed the instant Motions for Summary Judgment, which have been briefed by the parties. The Motions are therefore ripe for disposition.

**STANDARD OF REVIEW:**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED .R. CIV. P. 56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial." Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992). Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir.

[2] In our February 10, 2005 Order, we explained that District Jusice Laabs relinquished his office in January 2004 after losing a November 2003 election. In addition, in the aforementioned Order, we concluded that District Justice Laabs was entitled to absolute judicial immunity. (See Rec. Doc. 43). We therefore dismissed him individually and in his capacity as Magistrate for District Court 23-3-01. The Hideout and Graf accordingly remain as the only Defendants in the above-captioned case.

1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor. Celotex Corp., 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted). However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true."

Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original). "As to materiality, the substantive law will identify which facts are material." Id. at 248. A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

**DISCUSSION:**

In the Motions, Defendants argue that Plaintiffs have failed to plead allegations or provide evidence necessary to find that Graf, the community manager of the Hideout, conspired with District Justice Laabs against the Plaintiffs. Defendants assert that Plaintiffs' entire case against Graf and the Hideout is based upon Graf's alleged conspiracy with District Justice Laabs to deprive Plaintiffs of the equal protection of laws, or of equal privileges and immunities under the laws. Defendants initially submit that Plaintiffs are bootstrapping Graf and the Hideout to the constitutional claims asserted against District Justice Laabs, despite his being dismissed from this case. Defendants further postulate that Plaintiffs have failed to

provide any evidence in support of their 42 U.S.C. § 1983(3) conspiracy claim. Defendants likewise maintain that Plaintiffs have failed to state a claim for violation of either their First Amendment rights, due process rights, or rights asserted under state law.

In response, Plaintiffs assert that Graf conspired with District Justice Laabs to violate their rights in that Graf and the Hideout wished to quiet Plaintiffs and stop them from any further actions to enforce the restrictive covenants of the Hideout. "The chosen method to accomplish this conspiracy was to have the local judge, i.e., Magistrate Laabs, send the subject letter to the Plaintiffs and threaten and scare them into inaction." (Pls.' Br. Opp. Defs.' Mot. Summ. J. at 2). In addition, Plaintiffs contend that genuine issues of material fact exist regarding their First Amendment claim, and that they have stated due process and defamation claims.

We initially note that although Defendants argue that Plaintiffs are bootstrapping Graf and the Hideout to the constitutional claims asserted against Judge Laabs despite his being dismissed from the case sub judice, we are in agreement with Plaintiffs' response to this argument. Specifically, the Supreme Court has instructed that judges are immune from suit for damages caused by their judicial acts; however, it does not necessarily follow that the action against private parties accused of conspiring with the judge must also be dismissed. See Dennis v.

Sparks, 449 U.S. 24, 27 (1980)("The courts below concluded that the judicial immunity doctrine required dismissal of the § 1983 action against the judge who issued the challenged injunction, and as the case comes to us, the judge has been properly dismissed from the suit on immunity grounds. It does not follow, however, that the action against the private parties accused of conspiring with the judge must also be dismissed."). Accordingly, as one count of Plaintiffs' complaint, Count IV, specifically addresses the Hideout and Graf and is brought pursuant to 42 U.S.C. §§ 1983 and 1985(c),[3] we must determine whether genuine issues of material fact exist regarding these claims such that summary judgment is not warranted. We will discuss these claims in turn.

**A. 42 U.S.C. § 1985**

As both parties submit, 42 U.S.C. § 1985 ("§ 1985") pertains to conspiracy to interfere with a person's civil rights and paragraph three of the statute provides, in relevant part, as follows:

> **(3) Depriving persons of rights or privileges.** If two or more persons in any State or Territory conspire...for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and

[3] Although Plaintiffs' complaint indicates that Count IV is brought pursuant to 42 U.S.C. § 1985(c), we understand Plaintiffs to mean *42 U.S.C. § 1985(3)* as the statute has no paragraph (c) and as Plaintiffs reference 42 U.S.C. § 1985(3) in several paragraphs of their complaint. (See Comp. at 13-16).

> immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws...in any case of conspiracy set forth in this section, if one or more person engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right of privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

"To state a claim under § 1985(3), a plaintiff must allege the existence of (1) a conspiracy,[4] (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(citing Griffin v. Breckenridge, 403 U.S. 88, 102-3 (1971)). Moreover, the specificity required by § 1985 requires a plaintiff to allege (1) specific conduct that violated an individual's rights (2) the time and place of that conduct and (3) the identity of the responsible parties. See Hurt v. Philadelphia Hous. Auth., 806 F. Supp. 515, 529 (E.D. Pa. 1992)(citing Colburn v. Upper Darby Tp., 838 F.2d 663,

[4] We note that pursuant to § 1985(3), a conspiracy consists of two or more people.

666 (3d Cir. 1998)).

With regard to the first element necessary to state a claim under § 1985(3), that of a conspiracy of two or more persons, Defendants argue that Plaintiffs' complaint and deposition testimony do not provide any factual allegations that would tend to establish a conspiracy between Graf and District Justice Laabs. Plaintiffs, however, insist that a jury could determine that a plain reading of District Justice Laabs' letter of August 2, 2003 and the advertisement of Mitchell J. Laabs for District Justice in the May 2003 issue of the community newspaper, "The Hideabout," reveal that Graf conspired with District Justice Laabs to scare Plaintiffs from taking any further action to enforce the restrictive covenants. Plaintiffs submit that further support of the alleged conspiracy is that within a week of informing Graf, who refused to print a letter written by Plaintiffs in the community newsletter, that they would take the matter to the Scranton Times newspaper, they received the August 2, 2003 letter from District Justice Laabs.

After a careful review of the record, we are in agreement with Defendants that Plaintiffs' complaint and the deposition testimony fail to establish factual allegations that demonstrate the existence of a conspiracy of two or more persons, namely Graf and District Justice Laabs, to state a claim under § 1985. It is important to first note that a disagreement between neighbors, Plaintiffs and the Merrills, over the

classification of the Merrill's home led the Merrills to seek the assistance of District Justice Laabs. Moreover, although the complaint alleges that the Hideout and Graf conspired to deprive Plaintiffs of the equal protection of the law by requesting and/or conspiring with District Justice Laabs to send the August 2, 2003 letter to Plaintiffs, the deposition testimony of each Plaintiff utterly fails to establish a genuine issue of material fact regarding the presence of this alleged conspiracy. First, Plaintiff John Devine's ("Mr. Devine") deposition testimony provides in pertinent part:

> Linda Devine: Just a simple yes or no, John [Devine]. Is there any proof positive in that [August 2, 2003] letter that you can prove that Ralph [Graf] --
>
> Attorney Farrell (Cont'd): Conspired with the Judge? Your answer to that question is no?
>
> A. No.
>
> Q. There's no proof in this letter of conspiracy between Ralph Graf and Judge Laabs?
>
> A. Not that I know of.
>
> . . .
>
> Q. You have no solid evidence of a conspiracy between Ralph Graf and Judge Laabs, do you?
>
> A. Not that I know of.

Q. You have none right?

A. Me, myself, I have none.

Q. Does your wife have any?

A. I really don't know.

. . .

Q. . . . Are you aware of any individual that can give information, not that you might think can, but are you aware of any individual who has information that Ralph Graf conspired with Judge Laabs against you and your wife?

A. No. No, I do not.

Q. . . . Do you have any information that any other member of the Hideout Association, employee, or Board of Director conspired with Magistrate Laabs against you and your wife?

A. Except, uh, Danny Merrill and Ralph Graf I have no idea.

Mr. Merrill Depo. Tr., 22, 23, 27-28, May 6, 2005.

Second, Plaintiff Linda Devine's ("Mrs. Devine") deposition testimony likewise fails to establish a genuine issue of material fact regarding the presence of an alleged conspiracy and it provides in relevant part:

Q. Other than that [conversation between District Justice Laabs and Ralph Graf], do you have any other evidence whether it be a writing, a tape recording, hearsay evidence, direct evidence of what the conversation between Ralph Graf and District Justice Laabs was?

A. Yes, the content of the Justice's [August 2, 2003] letter.

Q. Okay. Anything besides that?

A. No.

Q. All right. Are you aware of any other individuals that could provide evidence or testimony about what the conversation or of a conspiracy between Ralph Graf and Judge Laabs?

A. Not off hand.

Q. Nobody, right?

A. Yes.

Q. So it's fair to summarize and say that your evidence of a conspiracy against you and your husband by Ralph Graf and District Justice Laabs is Judge Laabs letter to you which is part of the record, right, that's number one; and number two, Justice Laabs Affidavit which we already went over paragraphs 10, 11, & 12, right?

A. Correct.

. . .

Q. Okay but as we sit here you're not aware of anybody else in the Hidout [sic] that conspired with Judge Laabs against you and your husband, correct?

A. Correct.

Q. . . . You're specifically talking about Ralph Graf conspiring with Judge Laabs against you and your husband, right?

A. Correct, as the Community Manager, yes, and the Association.

Mrs. Merrill Depo. Tr., 36-37, 51-52, April 28, 2005.

Although Plaintiffs emphasize that the instant matter pertains to action taken by District Justice Laabs, who by his own admission attempted to resolve what he believed to be a dispute between neighbors despite the fact that there was no docketed case, no hearing, no testimony, no statements, or any other opportunity presented to Plaintiffs that would resemble a right affording them due process, Plaintiffs only point to one telephone conversation between District Justice Laabs and Graf, the August 2, 2003 letter at issue, and an advertisement of District Justice Laabs for District Justice in the May 2003 issue of the community newspaper, in support of their assertion that a conspiracy occurred pursuant to § 1985 in this case.

Regarding the telephone conversation at issue, the affidavits provided by Graf and District Justice Laabs acknowledge that District Justice Laabs contacted Graf after he met with the Merrills and both affidavits are consistent regarding the subject matter of the conversation. The affidavits demonstrate that District Justice Laabs inquired as to the status of the Merrills' home, specifically the Merrill home had been approved to be placed on the property by the Board of Directors, and Graf told District Justice Laabs that "the home was approved by the Environmental Control Committee, and that the Board of Directors has reviewed the approval and

in fact agreed with the Environmental Control Committee that the home was appropriate and not in violation." (Graf Depo. at 65-66). During the telephone conversation, which Graf stated in his deposition was of very short duration, District Justice Laabs informed Graf that he was sending a letter to the Devines (Plaintiffs in this action) and Graf requested that he be provided with a copy of the letter to place in his file. The August 2, 2003 letter at issue was therefore written by District Justice Laabs, addressed to Plaintiffs, and carbon copied to Graf and the Merrills. Plaintiffs have failed to establish that the one referenced telephone call and letter written by District Justice Laabs establish a conspiracy between District Justice Laabs and the Defendants pursuant to § 1985.

Finally, although Plaintiffs assert that District Justice Laabs' act of sending the subject letter when no case was ever before him was solely to further his personal gain for re-election by conspiring with the Hideout, District Justice Laabs stated in his affidavit that he did not have personal, business, or other connections to the dispute, other than in his capacity as a District Justice attempting to informally resolve a dispute without formal proceedings, and that he wrote the aforementioned letter on his District Justice letterhead "only to establish [his] identity and credibility, not to intimidate anyone or to imply any sort of official court order." (Laabs' Aff. ¶¶ 15, 18-19). Moreover, viewing the evidence, and

drawing all inferences, in the light most favorable to Plaintiffs as we must, we do not find that an advertisement in a community newspaper stating that District Justice Laabs has an established working relationship with the Hideout administration would easily lead a reasonable person, or jury to conclude that the Hideout conspired with District Justice Laabs to scare the Plaintiffs from taking any further action to enforce the restrictive covenants. Instead, as we explained in our February 10, 2005 Order and as stated herein, we find that District Justice Laabs' affidavit clearly reveals that he had no personal connection or motivation concerning the dispute between Plaintiffs and the Merrills, but merely used his judicial office to attempt to resolve the dispute after it was presented to him by the Merrills. (See Rec. Doc. 43).

Accordingly, after a careful review of the record we conclude that Plaintiffs have failed to demonstrate that genuine issues of material fact exist regarding a conspiracy between two or more people, specifically Graf and District Justice Laabs, pursuant to § 1985. As Plaintiffs have not established the first element necessary to pursue a § 1985 cause of action, it is not necessary to analyze the remaining three elements previously specified.

Defendants' Motions for Summary Judgment are therefore granted with respect to Plaintiffs' § 1985 claims.

**B. 42 U.S.C. § 1983**

Plaintiffs have also asserted a 42 U.S.C. § 1983 ("§ 1983") claim against the Hideout and Graf on the basis of alleged constitutional violations of the First and Fourteenth Amendments. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. In order for a plaintiff to prevail under 42 U.S.C. § 1983, the following two elements must be established: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (citing Parratt v. Taylor, 451 U.S. 527, 534 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)).

In support of their assertion that the conduct complained of was committed by a person acting under color of state law, Plaintiffs submit that private actors jointly engaged with state officials in the challenged action are acting "under color"

of law for purposes of § 1983 actions. Plaintiffs thereafter argue a deprivation of rights secured to them under the First and Fourteenth Amendments occurred when District Justice Laabs and Defendants, Graf and the Hideout, conspired to chill their free speech and intimidated them into backing down on their pursuit of free speech and association.

In Dennis v. Sparks, 449 U.S. 24 (1980), the Supreme Court instructed that a private party involved in a conspiracy, even though not an official of the State, can be liable under § 1983. Moreover, to act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. "It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting "under color" of law for purposes of § 1983 actions." Id. at 27-29; see also Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970); United States v. Price, 383 U.S. 787, 794 (1966). In addition, as Plaintiffs submit, to prove a conspiracy between the state and private parties under § 1983, Plaintiffs must show "an agreement or 'meeting of the minds' to violate constitutional rights." United Steelworkers of America v. Phelps, 865 F.2d 1539, 1540-41 (9th Cir. 1989), cert. denied, 493 U.S. 809 (1989); Adickes, 398 U.S. at 152. "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each

participant must at least share the common objective of the conspiracy." Phelps, 865 U.S. at 1541.

We simply do not find that one telephone conversation between District Justice Laabs and Graf, combined with the fact that a copy of District Justice Laabs' August 2, 2003 letter was sent to Graf establishes that Graf and the Hideout, as private actors, were jointly engaged with District Justice Laabs, a state official, such that they were acting "under color" of law for purposes of § 1983. Moreover, as we previously explained, Plaintiffs are unable to establish that a conspiracy occurred in the case sub judice pursuant to § 1985. It follows that a conspiracy between District Justice Laabs and Defendants Graf and the Hideout has not been demonstrated pursuant to § 1983 as no "meeting of the minds" occurred to violate Plaintiffs' constitutional rights.

As Plaintiffs are unable to establish the first element of § 1983, namely that the conduct complained of was committed by a person acting under color of state law, it is not necessary to ascertain whether the conduct deprived Plaintiffs of their First or Fourteenth Amendment rights.[5]

---

[5] Although Count IV of Plaintiffs' complaint is the only count that specifically addresses causes of action asserted against Defendants Graf and the Hideout, to the extent that any state law claims are asserted against Defendants Graf and the Hideout in the body of the complaint, we decline to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3), as we have dismissed all claims over which we have original jurisdiction in this narrative.

Therefore, Defendants' Motions for Summary Judgment are granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motions for Summary Judgment (docs. 50 and 51) filed by Defendants Association of Property Owners of the Hideout, Inc. and Ralph Graf are GRANTED.

2. The Clerk shall close the file on this case.

s/ John E. Jones III
John E. Jones III
United States District Judge