IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA DEVINE, et al., | : | Case No. 4:04cv1665 |
| Plaintiffs | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | |
| MITCHELL J. LAABS, et al., | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

November 8, 2005

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Currently pending before the Court is a Motion for Attorneys Fees ("the Motion") (doc. 62) filed by Defendants Association of Property Owners of the Hideout, Inc. ("Defendant Association") and Ralph Graf ("Defendant Graf") (collectively "Defendants") on September 1, 2005.

For the reasons that follow, the Motion will be denied.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

On July 28, 2004, Plaintiffs Linda and John Devine (collectively "Plaintiffs") commenced this action by filing a complaint in the United States District Court for the Middle District of Pennsylvania pursuant to 42 U.S.C. § 1983, 29 U.S.C. § 1331, 29 U.S.C. § 1343, and invoking the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).

1

On February 10, 2005, we granted Defendant Former District Justice

Mitchell J. Laabs' ("District Justice Laabs") Motion for Summary Judgment on the

basis of absolute judicial immunity.  On August 19, 2005, we granted the Motion

for Summary Judgment filed by Defendants Graf and Association.  It was our

determination, as reflected in the Order, that Plaintiffs failed to demonstrate that

genuine issues of material fact existed regarding a conspiracy between two or more

people, specifically Graf and District Justice Laabs, pursuant to 42 U.S.C. § 1985.

As Plaintiffs did not establish the first element necessary to pursue a § 1985 cause

of action, it was therefore unnecessary to analyze the remaining § 1985 elements.

Additionally, with regard to Plaintiffs' 42 U.S.C. § 1983 cause of action, we found

that Plaintiffs were unable to demonstrate the first element of § 1983, namely that

the conduct complained of was committed by a person acting under color of state

law, and accordingly we never reached the issue of whether the conduct deprived

Plaintiffs of their First or Fourteenth Amendment rights.

On September 1, 2005, Defendants filed the instant Motion seeking attorney

fees from Plaintiffs.  The Motion has been fully briefed and is ripe for disposition.

**DISCUSSION:**

In the Motion, Defendants seek an award of attorney fees pursuant to 42

U.S.C. § 1988(b), Fed.R.Civ.P. 11, and 28 U.S.C. § 1927 against Plaintiffs and

2

their counsel, which we will discuss in turn.

**A.     42 U.S.C. § 1988(b)**

Section 1988 of Title 42 of the United States Code provides, in relevant part,

that "[i]n any action or proceeding to enforce a provision of section[] ... 1983 ... of

this title ... the court, in its discretion, may allow the prevailing party ... a

reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b); Blanchard v.

Bergeron, 489 U.S. 87, n.1 (1989).  A plaintiff may be liable to a defendant for

attorneys' fees under § 1988 where his claims are frivolous, unreasonable,

meritless, or without foundation.  Brown v. Borough of Chambersburg, 903 F.2d

274, 277 (3d Cir. 1990) (citation omitted).  A finding that an action is meritless

implies that the action "is groundless or without foundation."  Hughes v. Rowe,

449 U.S. 5, 14 (1980).  "Implicit in this approach is the premise that Plaintiff knew

or should have known the legal or evidentiary deficiencies of his claim."  Brown,

903 F.2d at 277 (citations omitted).

Defendants assert that the claims against them are frivolous and groundless

as Plaintiffs never had proof of a conspiracy.  "Plaintiffs tried to piece together two

circumstantial pieces of information, a phone call and an advertisement, to try and

hurt Graf and the Hideout through this lawsuit."  (Defs.' Br. Supp. Mot. Attn. Fees

at 4).  In addition, Defendants argue that nothing in the letter written from District

3

Justice Laabs to Plaintiffs would lead a reasonable person to believe that their free speech rights were violated and that if Plaintiffs had a problem with the Hideout's decision to grant the permit for the Merrills' house, they should have taken the proper legal steps to address the matter in state court.

First, Plaintiffs accurately submit that Defendants' request for attorneys' fees to be assessed against Plaintiffs' counsel pursuant to § 1988 is not supported by law. The Supreme Court has instructed that § 1988 makes no mention of attorney liability for costs and fees and accordingly, the Third Circuit Court of Appeals has held that § 1988 does not authorize the award of attorneys' fees against a plaintiff's attorney. See Brown, 903 F.3d at 276-7 (citing Roadway Express, Inc. v. Piper, 477 U.S. 752, 761 (1980)). Therefore, it is not proper to award Defendants attorneys' fees to be assessed against Plaintiffs' counsel.

The second issue to consider is whether Defendants are entitled to attorneys' fees pursuant to § 1988 to be assessed against Plaintiffs. As we previously explained, the Third Circuit Court of Appeals has instructed that a plaintiff may be liable for attorneys' fees under § 1988 when a court determines that a claim is frivolous, unreasonable, meritless, or without foundation, or that the plaintiff continues to litigate after it clearly becomes so. Brown, 903 F.2d at 277. Although, as noted, in our August 19, 2005 Order, we held that Plaintiffs failed to

4

demonstrate that genuine issues of material fact existed regarding a conspiracy between two or more people, the first element of a § 1985 analysis, and that Plaintiffs were unable to demonstrate the first element of a § 1983 violation, this does not automatically signal an award of attorneys' fees for Defendants.

We find that the facts of the case <u>sub judice</u> support a reasonable basis for Plaintiffs to have concluded that Graf and the Hideout conspired with District Justice Laabs.  Plaintiffs had a reasonable basis to conclude that the conspiracy was based in part upon the letter at issue sent from District Justice Laabs to Plaintiffs, to quiet Plaintiffs' vocal campaign to notify members of the Community Association that the Hideout had allowed a mobile home into the development. The subject letter threatened conviction, fines and/or imprisonment if Plaintiffs continued to claim that their neighbor's residence was a mobile home.  Moreover, Plaintiffs had reason to believe that the political advertisement that District Justice Laabs placed in the community newspaper informing residents of the Hideout that he has a good working relationship with the Administration, could have led Plaintiffs to reasonably conclude that it related to a conspiracy between District Justice Laabs' and the remaining named Defendants.  Finally, as Plaintiffs submit, if the content of the depositions taken would have produced different information, such as if Graf admitted that he provided District Justice Laabs with all of the

information he indicated he reviewed in his affidavit, this case would likely have a different conclusion.

Accordingly, we cannot state with certainty that Plaintiff's claims were frivolous, unreasonable, or without merit, pursuant to § 1988. As a result, we will not award Defendants the attorneys' fees expended by them in litigating the subject claims.

## B.   <u>Federal Rule of Civil Procedure 11</u>

Federal Rule 11(b)(3) provides, in relevant part, as follows:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented part is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -
>
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed.R.Civ.P. 11(b)(3). Moreover, as Plaintiffs state, the standard developed by courts for imposition of sanctions under Rule 11 is stringent because such sanctions "(1) are in derogation of the general American policy of encouraging resort to the courts for a peaceful resolution of disputes; (2) tend to spawn satellite litigation counter-productive to efficient disposition of cases; and (3) increase tensions among litigating bar and between bench and bar. This Court and others

6

have interpreted its language to prescribe sanctions, including fees, only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." Doering v. Union County Bd. of Chosenfreeholders, 857 F.2d 191, 194 (3d Cir. 1988) (internal citations omitted).

Again, and we explained herein, a reasonable basis existed in this case for Plaintiffs to have concluded that Graf and the Hideout conspired with District Justice Laabs, based in part upon the letter from District Justice Laabs to Plaintiffs, to quiet Plaintiffs' vocal campaign to notify members of the Community Association that the Hideout had allowed a mobile home into the development. A reasonable basis existed for Plaintiffs to file the instant action and there is no indication that Plaintiffs' counsel did not certify to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, "that the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery" pursuant to Rule 11. In addition, Plaintiffs accurately submit that Defendants Graf and Association filed a Motion for Summary Judgment on December 16, 2004, prior to the commencement of any discovery in this case. However, Defendants failed to file a brief in support of their Motion pursuant to Local Rule 7.5, nor did they request an

extension of time in which to do so.  Therefore, we deemed such Motion
withdrawn without prejudice to refile.  Procedurally, Defendants were free to file a
motion to dismiss or a Rule 11 motion for sanctions at such time but did not do so.
It is reasonable to glean from such action that Defendants recognized the need for
discovery to be conducted prior to filing a dispositive motion, which militates in
favor of our decision that attorneys' fees are not warranted.

Therefore, attorneys' fees are not justified as against either Plaintiffs or their
counsel pursuant to Rule 11.

**C.    28 U.S.C. § 1927**

We initially note that 28 U.S.C. § 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of
> the United States or any Territory thereof who so multiples the
> proceedings in any case unreasonably and vexatiously may be
> required by the court to satisfy personally the excess costs, expenses,
> and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

As Plaintiffs indicate, upon dismissal of District Justice Laabs, Plaintiffs
conducted four depositions, and Defendants conducted two depositions of the
Plaintiffs.  No discovery disputes occurred in this case and the parties concurred in
one motion to continue the trial term, which was granted by the Court.
After a careful review of the record, we do not find that Plaintiffs "unreasonably

and vexatiously" multiplied the proceedings such that "excess costs, expenses, and attorneys' fees [were] reasonably incurred because of such conduct" pursuant to § 1927.  Accordingly, attorneys' fees are not warranted as against either Plaintiffs or their counsel under § 1927.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Defendants' Motion for Attorneys Fees (doc. 62) is DENIED.

s/ John E. Jones III
John E. Jones III
United States District Judge